United States District Court
Southern District of Texas
**ENTERED**
April 19, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAURILIO MALDONADO, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:21-CV-03007 |
| GRACO, INC., *et al.*, | § § | |
| Defendants. | § § | |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Remand (Dkt. 12) filed by Plaintiffs Maurilio Maldonado ("Maldonado") and Juan Ruiz Velasquez ("Velasquez"). After careful consideration of the pleadings and the applicable law, the motion is **GRANTED**. The motion's request for attorney's fees is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Rui Dossantos ("Dossantos") hired Maldonado to cosmetically remodel parts of his Seabrook, Texas home. (Dkt. 12 at 3). Maldonado used a sprayer manufactured by Defendant Graco, Inc ("Graco") to apply lacquer to the woodwork in Dossantos' master bathroom. The lacquer was made by Defendant Sherwin Williams Company ("Sherwin Willaims"). A spark caused the lacquer fumes to ignite, resulting in an explosion that severely burned Maldonado and his helper, Velasquez.

1

In December 2020, Maldonado and Velasquez filed this action in Texas state court against Dossantos, Graco and Sherwin Williams (collectively "Defendants"). The suit asserts claims for premises liability and negligence against Dossantos.[1] In support of these claims, Maldonado and Velasquez allege that Dossantos, while "[k]nowing that Maldonado was going to apply wood finish in the master bathroom," nonetheless "placed himself in the master bedroom immediately beside the work area and prevented Maldonado from using that bedroom as an additional ventilation area." (Dkt. 1-2 at 2). They further allege that "[b]ecause Dossantos required that the work be done while he was present and positioned himself in a manner that restricted potential ventilation sources, Dossantos required Maldonado to apply the finish in a closed bathroom." *Id.* Finally, Maldonado and Velasquez allege in the alternative that "an instrumentality in Dossantos' control was the ignition source." *Id.* In his answer to the state court action and in subsequent discovery responses, Dossantos denies these specific allegations against him.

In August 2021, Dossantos gave his deposition. Consistent with his earlier answer and discovery answers, Dossantos testified that he "(1) did not prevent Mr. Maldonado from ventilating the master bathroom; (2) was not independently aware of any potential ignition sources aside from those identified by Plaintiffs…; and (3) had no experience in paint-spraying operations." (Dkt. 1 at ¶28). Shortly after the conclusion of the deposition, Defendants removed the action to this Court.

---

[1] Maldonado and Velasquez also assert claims against Graco for selling a defectively designed sprayer and against Sherwin Williams for selling defective lacquer products.

2

As the basis for removal, Defendants assert that the Court has diversity jurisdiction over this action. They argue that complete diversity among the parties exists because, while Dossantos is a Texas resident like Maldonado and Velasquez, he was improperly joined to this action. Defendants argue that Dossantos's deposition testimony makes it "unequivocally clear and certain" that Maldonado and Velasquez cannot establish any claim for premise liability or negligence against Dossantos. (Dkt. 15 at 19).

Maldonado and Velasquez have filed a motion to remand this case to state court. They argue that the removal was untimely, having been filed well over 30 days after Defendants were allegedly aware that Maldonado and Velasquez could not bring a valid claim against Dossantos. *See* 28 U.S.C. § 1446(b)(3). Maldonado and Velasquez also argue that Dossantos was properly joined to this action and thus there is no complete diversity among the parties and the Court lacks subject matter jurisdiction to hear this action. The Court considers the parties arguments below.

## LEGAL STANDARD

Generally, under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court civil action over which the federal court would have "original jurisdiction." *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996). In assessing whether

3

removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, No. 95-668, 1995 U.S. Dist. LEXIS 10227, 1995 WL 419901, at *4 (E.D. La. July 13, 1995).

Federal courts have "original jurisdiction" over civil actions where the parties are diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). However, such diversity jurisdiction requires complete diversity—that is, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *See, e.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) ("The only caveat is that, when a properly joined defendant is a resident of the same state as the plaintiff, removal is improper."). Here, the parties do not dispute that the amount in-controversy-requirement is met, but they disagree about whether the complete diversity requirement is satisfied. Indeed, Dossantos, Maldonado and Velasquez are Texas citizens, which would ordinarily destroy complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). And when a nondiverse party is properly joined as a defendant, no defendant may remove the case under 28 U.S.C. § 1332.

Improper joinder constitutes a narrow exception to the rule of complete diversity. *Cuevas v. BAC Home Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). Under this doctrine, the presence of an improperly joined, non-diverse defendant does not defeat federal

4

removal jurisdiction premised on diversity. *Id.* In essence, the court may ignore an improperly joined non-diverse defendant when determining its subject-matter jurisdiction. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005).

The burden of demonstrating improper joinder is a heavy one and under this exception a non-diverse defendant may only be found to be "improperly joined" if either (1) there is "actual fraud in the [plaintiff's] pleading of jurisdictional facts" or (2) the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant. *Smallwood*, 385 F.3d at 574; *Mumfrey v. CVS Pharm. Inc.*, 719 F.3d 392, 401 (5th Cir. 2013). Only the second type of improper joinder is at issue here. Accordingly, the Court must determine whether Defendants have demonstrated that there is no possibility of recovery against Dossantos for negligence and premises liability. Stated differently, this means that there is no reasonable basis for the Court to predict that Maldonado and Velasquez might be able to recover against Dossantos for negligence and premises liability. *See Smallwood*, 385 F.3d at 573; *see also Mastronardi v. Wells Fargo Bank, et al.*, No. 15–11028, 653 Fed. App'x. 356, 357, 2016 WL 3549007, at *1 (5th Cir. June 29, 2016) (citing *Smallwood*). In making this determination, the removal statute must be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281-82.

Federal pleading standards govern the Rule 12(b)(6)-type improper joinder analysis. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 204. To determine whether a plaintiff has a

5

reasonable basis of recovery under state law, a court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Alternatively, in cases where "a plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings" and conduct a summary judgment-type inquiry. *Smallwood II*, 385 F.3d at 574. The decision to pierce the pleadings and consider summary judgment-type evidence lies within the discretion of the trial court. *Id.* In conducting this inquiry, the Court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. Further, the Court must take care not to "mov[e] beyond jurisdiction and into a resolution on the merits." *Smallwood II*, 385 F.3d at 574.

## ANALYSIS

As an initial matter, Maldonado and Velasquez argue that Defendants removal notice was untimely since it was filed well over 30 days after Defendants received "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Assuming that the removal was timely, for the reasons stated below, remand of this case to Texas state court is still warranted.

Examining the petition under Rule 12(b)(6)-type analysis, the allegations of the complaint, if true would establish claims under state law against Dossantos for negligence

and premises liability. The Court finds that Defendants' have not met their heavy burden to show that there is no possibility of recovery against the Dossantos. It is undisputed that Maldonado and Velasquez were invitees at the home and Dossantos, as the homeowner, had a duty to exercise reasonable care to warn contractors of or make safe unreasonably dangerous conditions at his home that caused the explosion. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983); *e.g.*, *Choice v. Gibbs*, 222 S.W.3d 832, 834 (Tex. App.—Houston [14th Dist.] 2007) (denying summary judgment in contractor's negligence suit against homeowner who failed to warn about or make safe "live electrical wires exposed at a workplace where an invitee could be electrocuted"). As alleged in the petition, Dossantos might have breached his duty by failing to provide proper ventilation to prevent the explosion from occurring.

This is not one of those rare cases in which it is appropriate to proceed, as suggested by Defendants, to pierce the pleadings and consider Dossantos' deposition testimony in resolving the pending motion to remand. *See Smallwood*, 385 F.3d at 573 (describing such cases that warrant a pierce the pleadings analysis as "few in number"). As the Fifth Circuit has cautioned, a "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573–74 (emphasis added). The prototypical example: "a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id.* at 574 n.12. "[T]he inability to make the requisite decision in a summary manner itself

7

points to an inability of the removing party to carry its burden" of proving improper joinder. *Id.* at 574.

Here the Dossantos' deposition testimony regarding his involvement in the explosion does not present discrete, undisputed facts that can be easily disproved if not true. It presents facts that turn almost entirely on his credibility and that are directly contrary to allegations in the petition. *See Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 221 (5th Cir. 2018) ("A conclusory statement that a claim is false, though, is not a "discrete and undisputed fact[].). To pierce the pleadings and weigh Dossantos's credibility as a witness would carry "a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits[.]" *Id*. at 574.  To evaluate Dossantos' testimony, the Court would need to take evidence on the site conditions and the actions of Maldonado, Velasquez and Dossantos on the day of the explosion as a whole and it would be unlikely that the Court would easily identify "discrete and undisputed facts that would preclude plaintiff[s'] recovery[.]" *Id.* at 573. Furthermore, the alleged lack of affirmative evidence negating Dossantos' testimony is not fatal to the claims against Dossantos at this early stage of the litigation. *See Cumpian v. Alcoa World Alumina, L.L.C.,* 910 F.3d 216, 221 (5th Cir. 2018).

The Court finds that there was a reasonable basis to predict that Maldonado and Velasquez might recover against Dossantos at the time of his joinder and Dossantos was properly joined to this action. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d at

720, 723 (5th Cir. 2002). Because the parties lack complete diversity, the Court lacks subject matter jurisdiction over this action and must remand the action to state court.

## CONCLUSION

Accordingly, for the reasons stated above **IT IS ORDERED** that the Motion to Remand (Dkt. 12) is **GRANTED**. This case shall be **REMANDED** to the 334th District Court of Harris County, Texas. The motion's request for attorney's fees is **DENIED**. All other pending motions are denied as **MOOT**.

SIGNED at Houston, Texas on the 19th of April, 2022.

_George C. Hanks Jr._

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE